NOT FOR PUBLICATION                                    [Docket No. 7]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| TIMOTHY J. HOPKINS and SCOTT HARPER, INDIVIDUALLY and ON BEHALF OF ALL SIMILARLY SITUATED EMPLOYEES,<br><br>    Plaintiffs,<br><br>            v.<br><br>JG ASSOCIATES, INC. and DOES 1-10,<br><br>    Defendants. | Civil No. 12-04542(RMB/AMD)<br><br>**OPINION** |

Appearances:

Gerald D. Wells, III
Robert J. Gray
Faruqi & Faruqi, LLP
101 Greenwood Ave., Ste. 600
Jenkintown, PA 19046

Charles M. Gibbs
Bowman & Partners, LLP
1600 Market St., 25th Fl.
Philadelphia, PA 19103

    Attorneys for Plaintiffs

Donald P. Jacobs
Peter J. Frazza
Jennifer C. McEntee
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078

    Attorneys for Defendants

**Bumb**, UNITED STATES DISTRICT JUDGE:

Defendant JG Associates, Inc. (the "Defendant") has moved to dismiss Plaintiffs Timothy J. Hopkins and Scott Harper's (the "Plaintiffs") complaint (the "Complaint" or "Compl.") for failure to state a claim. For the reasons that follow, the Defendant's motion is granted.

I. <u>Background</u>

Defendant operates a freight handling service. Compl. ¶ 18. Plaintiffs were employed by Defendant for an unspecified period of time performing manual labor. Compl. ¶¶ 11-12, 19. They have filed suit in their own names and on behalf of a purported class of similarly situated employees. Their Complaint alleges that:

1. Defendants employed hundreds of manual laborers, including the Plaintiffs (Compl. ¶ 19);

2. Defendants did not keep accurate time records of all hours worked by Plaintiffs and other employees, and, at times, Defendants required employees to come in before their scheduled shifts (Compl. ¶¶ 25, 28);

3. Plaintiffs and other employees worked "during the statutory period covered by [the] Complaint" (Compl. ¶ 12);

4. Plaintiffs and other employees regularly worked 45-50 hours per week and were frequently required by Defendant to work in excess of 40 hours per week (Compl. ¶¶ 20 and 27); and

5. Defendant failed to pay overtime when Plaintiffs and other employees worked in excess of 40 hours per week (Compl. ¶¶ 28-30).

Based on Defendant's failure to pay overtime, the Complaint asserts two counts: (1) a willful violation of the Fair Labor

Standards Act (the "FLSA") (29 U.S.C. § 207(a)(1)); and (2) a willful violation of the New Jersey Wage and Hour Law (the "NJWL") (N.J.S.A. § 34:11-56a). Compl. ¶¶ 46-57.

II. Standard of Review

To survive a motion to dismiss, the complaint must contain more than "a formulaic recitation of the elements of a cause of action[.]" Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013) (quotations and citations omitted). The plaintiff instead must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal requires courts to take the following three steps:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Connelly, 706 F.3d at 212; Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011).

III. Analysis

Because, on a motion to dismiss, FLSA and NJWL overtime claims are evaluated under the same standard, this Court addresses Plaintiffs' claims together. See Thompson v. Real

Estate Mortg. Network, Inc., No. 11-CV-01494 2011 U.S. Dist. LEXIS 149774, at *7 (D.N.J. Dec. 30, 2011) (holding that analysis of motions to dismiss for the FLSA is the same as for the NJWL); Ramos Ortiz v. Paramo, No. 06-3062 2008 U.S. Dist. LEXIS 72387, at *11 (D.N.J. Sept. 19, 2008); Maldonado v. Lucca, 629 F. Supp. 483, 485 (D.N.J. 1986).

A plaintiff claiming a wage and hour violation under these provisions must show that: (1) the defendant was engaged in "commerce" as defined by the FLSA; (2) the plaintiff was an "employee" as defined by the FLSA; and (3) the plaintiff worked more than 40 hours in a week but was not paid overtime compensation for those hours in excess of 40. See Attanasio v. Cmty. Health Sys., No. 3:11-CV-582, 2011 U.S. Dist. LEXIS 121764, at *11 (M.D.Pa. Oct. 20, 2011); Zhong v. August August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Here, the Defendant does not dispute that the first and second elements of Plaintiffs' claims are satisfied. [Docket No. 7-1 at 6; Docket No. 10 at 5]. Defendant instead argues that Plaintiffs have not properly pled the third element.[1] [Docket No. 7-1 at 6].

---

[1] Defendant also argues that, to the extent Plaintiffs' claims are premised on a willful violation, Plaintiffs have failed to plausibly plead willfulness. This Court agrees. A violation of the FLSA is willful if the employer knew or showed reckless disregard for its prohibited conduct. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Ochoa v. Pearson Educ., Inc., No. 11-CV-1382 2012 U.S. Dist. LEXIS 3802, at *7 (D.N.J. Jan. 12, 2012). Here, Plaintiffs' allegations that Defendants failed to keep "accurate" records and sometimes required employees to start work before their scheduled shifts (Compl. ¶¶ 25, 28) at best support an inference of negligence. Accord

In order to sufficiently plead the third element, FLSA plaintiffs cannot conclusorily plead that they were employed at all relevant times and regularly worked overtime. Pruell v. Caritas Christi, 678 F.3d 10, 13 (1st Cir. 2012) cert. denied 132 S. Ct. 1969 (2012) (holding that complaint failed to state a claim under § 207 by not estimating hours worked and instead alleging that "at all relevant times" plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time."); Attanasio, 2011 U.S. Dist. LEXIS 121764, at *21. More substance is required. While they need not allege an exact amount for each week in which they worked overtime, they must at least offer the specific time periods in which they worked overtime and an approximate amount of overtime they worked during that period. Attanasio, 2011 U.S. Dist. LEXIS 121764, at *21 (holding that court must be able to, through reasonable inferences, approximate the number of hours worked).[2]

---

McLaughlin, 486 U.S. at 133 ("The word 'willful' . . . refer[s] to conduct that is not merely negligent".) (holding that a relaxed standard of willfulness would "obliterate" the distinction between willful and non-willful FLSA violations); see also Ochoa, 2012 U.S. Dist. LEXIS 3802, at *9 ("Here, however, there are no factual allegations . . . that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored.").

[2] See also Verdecchio v. Tri-County Real Estate Maint. Co., No. 12-1577, 2012 U.S. Dist. LEXIS 179337, at *8 (D.N.J. Dec. 19, 2012) ("[T]he critical component of a complaint alleging violations of Section 207 is an approximation of the number of unpaid weekly overtime hours worked over the period of employment."); Maradiaga v. Pyle, No. 2:11-CV-06096, 2012 U.S. Dist. LEXIS 103487, at *5 (D.N.J. July 25, 2012); Mell v. GNC Corp., No. 10-945, 2010 U.S. Dist. LEXIS 118938, at *23 (D.N.J. Nov. 9, 2010); Zhong, 498 F. Supp. 2d at 628 (holding that plaintiff could not

Here, Plaintiffs have failed to make even this modest showing. Plaintiffs instead rely on the broad-brush allegations that they were employed "during the statutory period covered by this Complaint," were "frequently required to work hours in excess of forty per workweek," and "worked approximately 45-50 hours a week." (Compl. ¶¶ 12, 20, 27). Because Plaintiffs have failed to properly plead this element, Plaintiffs' FLSA and NJWL claims are dismissed. See, e.g., Attanasio, 2011 U.S. Dist. LEXIS 121764, at *22 (dismissing complaint that alleged § 207 violations over the "relevant period" of time); Pruell, 678 F.3d at 13 (same); Deleon v. Time Warner Cable LLC, No.092438 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009) (dismissing complaint that alleged § 207 violations during "the relevant time period.").

IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED without prejudice. Plaintiffs may have 30 days to amend the Complaint.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2013

---

    merely allege that he worked in excess of 40 hours, but must also approximate the number of hours worked without compensation and his hourly rate of pay). Beaulieu v. Vermont, No. 1023, 2010 U.S. Dist. LEXIS 101192, at *17 (D.Vt. Aug. 5, 2010).